CLARK HILL LLP
Bradford G. Hughes (SBN 247141)
bhughes@ClarkHill.com
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178

Attorneys for Defendant 1-800-PACK-RAT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DEREK HASKINS, | Case No. |
|---|---|
| Plaintiff, | (Contra Costa Superior Court Case No. C21-01557) |
| v. | **NOTICE OF REMOVAL** |
| 1-800-PACK-RAT, LLC; DOES 1-20, INCLUSIVE,, | **[28 U.S.C, §§ 1332 AND 1441(B) DIVERSITY JURISDICTION]** |
| Defendant. | |
| | Complaint Filed:   July 28, 2021 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO THE PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant 1-800-Pack-Rat, LLC, a Delaware limited liability company ("Defendant"), hereby removes this action from the California Superior Court for County of Contra Costa to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§1332 and 1441(b) and alleges as follows:

///

///

///

I.  **DESCTIPTION OF ACTION**

On July 28, 2021, Plaintiff DEREK HASKINS ("Plaintiff") filed this action against Defendant in the Superior Court of the State of California for County of Contra Costa. *See* Declaration of Bradford G. Hughes ("Hughes Decl.") ¶ 4, Ex. 1. On September 22, 2021, Plaintiff served Defendant with the Complaint. *Id*. ¶ 5, Ex. 2. The action is titled *Derek Haskins v. 1-800-Pack-Rat, LLC; and DOES 1-20, inclusive*, and bears case number C-21-01557. *Id*. at ¶ 4, Ex. 1.

In the Complaint, Plaintiff alleges pursuant to a rental agreement, on August 14, 2019, Defendant delivered and placed a storage unit on the driveway at the front of Plaintiff's residential address. *Id*. at ¶ 4, Ex. 1. Plaintiff alleges the driveway had a slight slope, and Defendants negligently placed the said unit on the slope with the door latch on the uphill side, without first inspection the unit to ensure the latch worked property. *Id*. Plaintiff further claims that due to Defendant's negligence, when he entered the storage unit, the door swung closed and latched by itself, trapping Plaintiff inside and causing him to sustain various bodily injuries. *Id*.

The Complaint alleges causes of action for Negligence and Products Liability. *Id*. at ¶ 4, Ex. 1. Plaintiff's prayer for relief includes compensatory damages for wage loss, loss of earning capacity, hospital and medical expenses, and general damages. *Id*.

II.  **TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL**

If the initial pleading does not provide a basis for removal, a defendant may remove an action within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is … removable." 28 USC §1446(b)(3). Such a case ordinarily may not be removed on the basis of diversity jurisdiction more than 1 year after the action was commenced. 28 USC §1446(c)(1) (applicable to cases commenced in state court on and after January 6, 2012); former 28 USC §1446(b) (applicable to cases commenced in state court before January 6, 2012).

The 30-day time limit of 28 USC §1446(b) applies only if it is triggered by information received by the defendant from the plaintiff that shows removability; if, in contrast, the plaintiff's pleadings or papers do not show that the case is removable, and the defendant learns facts showing removability from its own investigation, the 30-day limit does not apply. *Roth v CHA Hollywood Med. Ctr.*, L.P. (2013) 720 F3d 1121, 1125. Accordingly, if the defendant is put on notice of removability by the plaintiff, defendant is subject to the strict time limits of 28 USC §1446(b); if, however, the plaintiff has failed to reveal information showing removability, and the defendant discovers that information through its own investigation, the defendant may remove outside the 30-day limit.

Here, Plaintiff's Complaint did not show the case was removable. *See* Hughes Decl. ¶ 4, Ex. 1. On the face of the Complaint, Plaintiff's and Defendant's citizenship is unknown as plead. *Id*. Accordingly, the Complaint did not provide a basis for removal.

Defendant was first put on notice of removability in or around November 10, 2021, when Defendant's counsel, through an independent search and investigation, was able to confirm Plaintiff's and Defendant's respective states of citizenship. *See* Hughes Decl. ¶ 6. Defendant now timely files this Notice of Removal before its 30-day removal deadline has expired.

Defendant consents to removal of this matter. *See* Hughes Decl. ¶ 7. *See* 28 U.S.C. § 1446(b)(2)(A); *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009). Defendant is not aware of the existence of or service on any "Doe" defendant. Consequently, no consent from any other party to removal is required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1998).

///
///
///
///

### III. REMOVAL BASED ON DIVERSITY JURISDICTION

This Court possesses original diversity jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between a citizen of California and citizens of states other than California and the matter in controversy exceeds the sum or value of $75,000.

#### A.   Complete Diversity Exists

The Supreme Court held "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "Individuals are citizens of their state of domicile." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (1981); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A corporation is a "citizen" both of the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c).

Here, the requirements for diversity of citizenship are satisfied. Defendant is a limited liability company, organized as such under the laws of the State of Delaware with its principal place of business in Wake Forest, North Carolina. *See* Hughes Decl. ¶ 8. Based on Defendant's independent search, Defendant has now confirmed Plaintiff is, and at all relevant times was, a California resident. *Id*. at ¶ 6.

Complete diversity exists because Plaintiff is a citizen of California and Defendant is a citizen Delaware with its principal place of business in Wake Forest, North Carolina.

#### B.   Amount in Controversy Exceeds $75,000

To establish original jurisdiction based on diversity of parties, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy is defined as the "amount at stake in the underlying litigation," and includes any result of the litigation, excluding interests

and costs, that "entail[s] a payment" by the defendant. S*ee Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (citing *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)). This amount includes compensatory damages, punitive damages, as well as attorneys' fees awarded under fee shifting statutes. See id. at 648–49 (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)).

In determining the amount in controversy, courts may look to the "face of the pleadings." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). When the complaint does not specify the amount of damages, the removing defendant has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See Wilson v Republic Iron & Steel Co.* 257 US 92, 97, 42 S Ct 35 (1921); *Hunter v Philip Morris USA* 582 F3d 1039, 1042 (9th Cir 2009); *Sanchez v Monumental Life Ins. Co.* 102 F3d 398 (9th Cir 1996) (rejecting "converse legal certainty" test of *Hale v Billups of Gonzales, Inc.* (MD La 1985) 610 F Supp 162). Moreover, in determining the amount in controversy, a "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

Here, the Complaint does not specify the amount of damages. However, Defendant can show, by a preponderance of evidence, that the amount in controversy exceeds the $75,000 threshold. On the face of the Complaint, Plaintiff claims as direct and proximate cause of Defendants' negligence, Plaintiff was caused to become ill, pass out and fall striking his head, and sustaining a concussion, as well as other physical and emotional injuries. These allegations, coupled with Plaintiff's June 25, 2021 Settlement Demand in excess of $75,000 evidences that the amount in controversy satisfies the $75,000 minimum. *See* Hughes Decl. at ¶ 9.

///

  **C.**  **No Other Defendants**

There are no other defendants that have been named or served in this action. Thus, there are no other defendants to join in this Notice of Removal.

**IV.** **<u>VENUE IS PROPER IN THE U.S. DISTRICT FOURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>**

Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b)(2) because Plaintiff alleged that a substantial part of the events or omissions giving rise to the claim occurred in the City of Danville, County of Contra Costa, California. *See* Hughes Decl. at ¶ 4, Ex. 1. Further, Plaintiff filed the Complaint in the Superior Court of for the State of California, County of Contra Costa, which is within this judicial district and division. See 28 U.S.C. § 84(c)(2). This Court is thus the proper court for removal under 28 U.S.C. § 1441(a). Defendant reserves the right to seek transfer venue pursuant to applicable law.

**V.** **<u>NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT</u>**

Promptly after the filing of this Notice, Defendant will provide written notice of removal to Plaintiff and the Superior Court and will file a copy of this Notice of Removal with the Clerk of the Orange Superior Court. Defendant has sought no similar relief with respect to this matter. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" on file in the state court action are attached hereto:

| EXHIBIT | DOCUMENT TITLE | DATE |
|---|---|---|
| A. | Summons | July 28, 2021 |
| B. | Complaint | July 28, 2021 |
| C. | Civil Case Cover Sheet | July 30, 2021 |

///

///

///

**WHEREFORE**, Defendant respectfully requests that the above-captioned action pending before the Superior Court of the State of California in and for the County of Contra Costa be removed to the United States District Court for the Northern District of California.

Dated:  November 22, 2021                    CLARK HILL LLP


                                             By:  /s/ Bradford G. Hughes
                                                  Bradford G. Hughes
                                             Attorneys for Defendant 1-800-PACK-RAT, LLC